UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA A. DICKENS,

        Plaintiff,

  v.

STATE OF WASHINGTON et al.,

        Defendant.

CASE NO. 3:23-cv-05876-KKE-BAT

**ORDER DECLINING SERVICE AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff, a pretrial detained at the Kitsap County Jail, filed a 42 U.S.C. § 1983 complaint against "State of Washington Kitsap County Superior Court." *See* Complaint, Dkt. 5 at 2.

The Court must screen and dismiss a detainee's complaint if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* under 28 U.S.C. § 1915A(a) and (b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's § 1983 complaint is subject to dismissal for at least two reasons. First, the complaint alleges Defendants violated his rights by denying him a speedy trial, denying him effective assistance of counsel, and abridging his right to speak in Court. These claims flow from Plaintiff's pending criminal prosecution and the Court cannot interfere with an on-going state criminal proceedings absent extraordinary circumstances under the *Younger v. Harris*, 401 U.S.

ORDER DECLINING SERVICE AND
DIRECTING PLAINTIFF TO SHOW CAUSE -
1

37, 43-54 (1971), abstention doctrine. The *Younger* abstention doctrine applies with full force because (1) Plaintiff's criminal judicial proceeding are pending; (2) Criminal proceedings involve important state interests; and (3) Plaintiff avers his concerns were "addressed in open court, denial by the judge," (Dkt. 3 at 4 and 8) and thus the state court has afforded Plaintiff an adequate opportunity to raise the issues herein.

The complaint is also fatally deficient because it names as Defendant the "State of Washington Kitsap County Superior Court," and alleges Plaintiff has been denied the right to speak on his own behalf, the right to compulsory process of witnesses, the right to effective counsel, and the right to a speedy trial "all conducted by the Kitsap County Superior Court." Dkt. 3 at 5.

To the extent Plaintiff seeks to sue the Kitsap County Superior Court over the manner in which his criminal proceedings and defense have been conducted, Courts that are state agencies have sovereign immunity from suit under the 11th Amendment. *Will v. Michigan Dep't of State Police*, 520 U.S. 43, 69 (1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The Kitsap County Superior Court is a state agency, established by the Washington State Constitution and funded by the state government. *See* Wash. Const. art. IV, §§ 1.6; *City of Spokane v. Marquette*, 146 Wash. 2d 124, 135 (2002) (en banc). Thus, Plaintiff's claims against the Kitsap County Superior Court over the manner in which his case has been handled should be dismissed because the Court is immune from suit.

To the extent Plaintiff seeks to sue the Kitsap County Superior Court Judge or Judges who presided over his criminal hearings, the state court judges are also immune from suit. Plaintiff claims a judge has heard and denied his claims regarding a speedy trial, defense counsel, witnesses, and the right to speak in court. These actions fall within a state court judge's

judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against any superior court judge as to the manner in which Plaintiff's criminal hearings were conducted or as to the judge's rulings.

Because Plaintiff proceeds *pro se*, the Court grants Plaintiff to show cause why the complaint should not be dismissed, rather than dismissing the complaint immediately.

The Court accordingly ORDERS:

(1)    Service of the complaint, Dkt. 5, is DENIED.

(2)    Plaintiff shall show cause no later than **November 1, 2023,** why the present complaint should not be dismissed. The failure to show cause by that date will result in a recommendation the present complaint be dismissed.

(3)    The Clerk shall provide Plaintiff with a copy of this Order.

DATED this 17th day of October, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge