UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA A. DICKENS,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON et al.,<br><br>                Defendant. | CASE NO. 3:23-cv-05876-KKE-BAT<br><br>**REPORT AND RECOMMENDATION** |

      The Court recommends the complaint filed herein be DISMISSED with prejudice. Plaintiff, a pretrial detainee at the Kitsap County Jail, filed a 42 U.S.C. § 1983 complaint against the "State of Washington Kitsap County Superior Court." *See* Complaint, Dkt. 5 at 2.

      On October 17, 2023, the Court advised Plaintiff that it must dismiss a detainee's complaint if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* under 28 U.S.C. § 1915A(a) and (b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

      The Court reviewed the complaint, found it deficient, and directed Plaintiff to show cause by November 1, 2023, why the complaint should not be dismissed. *See* Dkt. 8. The Court further

REPORT AND RECOMMENDATION - 1

advised Plaintiff the failure to show cause would result in a recommendation the case be dismissed.

The Court advised Plaintiff' that the § 1983 complaint is subject to dismissal for at least two reasons. First, the complaint alleges Defendant violated Plaintiff's rights by denying him a speedy trial, denying him effective assistance of counsel, and abridging his right to speak in Court. These claims flow from Plaintiff's pending criminal prosecution and the Court cannot interfere with an on-going state criminal proceedings absent extraordinary circumstances under the *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), abstention doctrine. The *Younger* abstention doctrine applies with full force to the present complaint because (1) Plaintiff's criminal judicial proceedings are pending; (2) Criminal proceedings involve important state interests; and (3) Plaintiff avers his concerns were "addressed in open court, denial by the judge," (Dkt. 3 at 4 and 8) and thus the state court has afforded Plaintiff an adequate opportunity to raise the issues Plaintiff raises herein.

Second, the complaint is fatally deficient because it names as the sole Defendant the "State of Washington Kitsap County Superior Court," and alleges Plaintiff has been denied the right to speak on his own behalf, the right to compulsory process of witnesses, the right to effective counsel, and the right to a speedy trial "all conducted by the Kitsap County Superior Court." Dkt. 5 at 5.

To the extent Plaintiff seeks to sue the Kitsap County Superior Court over the way in which his criminal proceedings and defense have been conducted, Courts that are state agencies have sovereign immunity from suit under the 11th Amendment. *Will v. Michigan Dep't of State Police*, 520 U.S. 43, 69 (1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The Kitsap County Superior Court is a state agency, established

REPORT AND RECOMMENDATION - 2

by the Washington State Constitution and funded by the state government. *See* Wash. Const. art. IV, §§ 1.6; *City of Spokane v. Marquette*, 146 Wash. 2d 124, 135 (2002) (en banc). Thus, Plaintiff's claims against the Kitsap County Superior Court over the manner in which his case has been handled should be dismissed because the Court is immune from suit.

To the extent Plaintiff seeks to sue the Kitsap County Superior Court Judge or Judges who presided over his criminal hearings, the state court judges are also immune from suit. Plaintiff claims a judge has heard and denied his claims regarding a speedy trial, defense counsel, witnesses, and the right to speak in court. These actions fall within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against any state superior court judge regarding the manner in which Plaintiff's criminal hearings were conducted or as to the judge's rulings.

As of this date, Plaintiff has not responded to the Court's order directing he show cause why the case should not be dismissed. Because the complaint names an immune defendant, the

REPORT AND RECOMMENDATION - 3

complaint is subject to dismissal with prejudice. Additionally, because the complaint's allegations regard the way in which Plaintiff's pending state criminal prosecution is being handled, the Court must abstain from involvement and the case should be dismissed without prejudice. Neither of these deficiencies can be cured by amendment, and thus it is recommended the case be dismissed at this juncture without further leave to amend the complaint.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 21, 2024.** The Clerk should note the matter for **November 24, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

The clerk shall provide a copy of this report and recommendation to Plaintiff.

DATED this 3rd day of November, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4