1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

| | |
|---|---|
| JOSHUA A DICKENS,<br>                    Plaintiff(s),<br>     v.<br><br>STATE OF WASHINGTON,<br>                    Defendant(s). | CASE NO. C23-5876-KKE<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION AND DISMISSING<br>CASE WITH PREJUDICE |

8
9
10
11

12     This matter comes before the Court on Magistrate Judge Brian Tsuchida's Report and

13 Recommendation ("R&R") to dismiss the complaint with prejudice. Dkt. No. 9. Having reviewed

14 the R&R, Plaintiff's objections, and the rest of the docket de novo, and for the reasons explained

15 below, the Court adopts the R&R and dismisses the complaint with prejudice.

16                          **I.    BACKGROUND**

17     On October 17, 2023, Plaintiff filed a complaint under 42 U.S.C. § 1983 against the "state

18 of Washington, Kitsap County Superior Court" for violating his Sixth Amendment right to a

19 speedy trial, "amendment 6.6.5.4" for deprivation of effective assistance of counsel, and First

20 Amendment right to freedom of speech. Dkt. No. 5. Plaintiff, a pretrial detainee at Kitsap County

21 jail, alleges that during the court dates for his ongoing criminal case he has been denied adequate

22 legal assistance, denied the opportunity to speak on his own behalf, and that his attorney has made

23 unwanted continuances on his behalf. *Id.* at 4. Plaintiff seeks $2,500,000 "to restore my mental

24

health, and to compensate me for time, and suffering for the sixteen months of my incarceration." *Id.* at 5.

Magistrate Judge Tsuchida entered an order to show cause granting Plaintiff until November 1, 2023, to show cause why the complaint should not be dismissed based on the ongoing criminal case and Defendants' immunity from suit. Dkt. No. 8. Having not received a response, Magistrate Judge Tsuchida entered the R&R recommending the complaint be dismissed with prejudice. Dkt. No. 9. The Court received two requests from Plaintiff for an extension of time to respond. Dkt. Nos. 10, 11. To ensure Plaintiff had an opportunity to explain why the case should not be dismissed, the Court granted Plaintiff until December 27, 2023, to object to the R&R. Dkt. No. 12. On December 26, 2023, the Court received a document entitled "Order Showing Cause" from Plaintiff. Dkt. No. 13. Based on the current posture of the case, the Court will interpret Plaintiff's filing as a timely objection to the R&R. This document reiterates the bases for Plaintiff's civil rights claims but does not address either of the reasons for dismissal provided in the R&R. *See id.*

The Court finds the objections without merit and finds the case should be dismissed for the same two reasons provided in the R&R.

## II.   ANALYSIS

The R&R identifies two reasons this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires the Court dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court will address each of the R&R's reasons for dismissing the case in turn.

First, the R&R recommends dismissing the case because each of Plaintiff's allegations "flow from Plaintiff's pending criminal prosecution and the Court cannot interfere with [] on-going

state criminal proceedings absent extraordinary circumstances under the *Younger v. Harris*, 401 U.S. 37, 43–54 (1971), abstention doctrine." Dkt. No. 9 at 2. *Younger* abstention applies if "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up). All four factors are met here. For factors one and three, Plaintiff admits there is an ongoing criminal proceeding (Dkt. No. 5 at 8) and that he can raise his concerns to the state court (Dkt. No. 13 at 1). For the second factor, criminal proceedings satisfy the "important state interests" requirement. *See generally New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). Even though Plaintiff seeks monetary relief, the fourth factor is met because such relief has the practical effect of enjoining the state proceedings because "the district court [must] determine first whether violations of their civil rights have occurred in the course of the state [] proceeding, which would create a federal court judgment with preclusive effect over the ongoing state action." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1048 (9th Cir. 2019). In sum, this Court agrees with the R&R that the Court should abstain from adjudicating Plaintiff's claims pursuant to *Younger*.

Second, the R&R recommends dismissing the case because Kitsap County Superior Court, a state agency, has sovereign immunity under the Eleventh Amendment from Plaintiff's suit, and judges are likewise immune from suit for acts performed in their judicial capacity. Dkt. No. 9 at 2–3. This Court agrees. *See Bishop v. Snohomish Superior Ct.*, 569 F. App'x 497, 498 (9th Cir. 2014) (citing *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)); *Manning v. Alaska State Ct. Sys.*, 76 F. App'x 790, 791 (9th Cir. 2003) (affirming dismissal of claims against the State of Alaska under the Eleventh Amendment and claims against a judge

because the complained of actions were "judicial in nature and within the clear bounds of his jurisdiction"); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *Feliciano v. Pierce Cnty. Jud. Sys.*, No. 3:23-CV-5310, 2023 WL 4349344, at *1 (W.D. Wash. July 5, 2023).  Because each Defendant is immune from suit, which cannot be cured by amendment, the complaint is dismissed with prejudice.

### III.   CONCLUSION

For the above reasons, the Court finds and ORDERS:

(1)     The Court ADOPTS the Report and Recommendation.  Dkt. No. 9.

(2)     The case is dismissed with prejudice.

(3)     The Clerk is directed to send a copy of this Order and the corresponding Judgment to Plaintiff.

Dated this 24th day of January, 2024.

Kymberly K. Evanson
United States District Judge